UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT N. MITCHELL, JR.,

                    Plaintiff,

-against-

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                    Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-0083 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Robert N. Mitchell, Jr. ("Mitchell") brings this action under 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration's ("SSA's") denial of his claim for disability insurance benefits ("DIB"). (Compl. (Docket Entry # 1).) The Commissioner moves to remand the proceedings under Federal Rule of Civil Procedure 12(c). (Def.'s Mot. (Docket Entry # 12).) As set forth below, the court grants the Commissioner's motion.

**I.    STANDARD OF REVIEW**

    **A.    Rule 12(c)**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). A court is required "to accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem.

Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to considering the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

## B. Administrative Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

Mitchell was born on March 21, 1967. (Administrative Transcript ("Tr.") (Docket Entry # 16) at 165.) On September 26, 2001, Mitchell filed a claim for DIB, alleging a disability onset date of August 8, 2001. (Id. at 165-67.) After the SSA denied his claim, Mitchell requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 96.) On May 13, 2003, ALJ

2

Martin K. Kahn held a hearing regarding Mitchell's claim. (Id. at 407-26.) On July 13, 2003, the ALJ found Mitchell not disabled. (Id. at 79-85.) Mitchell then sought review before the SSA Appeals Council, which reversed the ALJ's determination on July 30, 2004. (Id. at 88-91.) On June 9, 2006, and October 26, 2006, ALJ Marilyn Hoppenfeld held supplemental hearings regarding Mitchell's claim. (Id. at 435-512, 513-70.) On April 17, 2007, the ALJ issued an unfavorable decision. (Id. at 15-29.) Mitchell again sought review before the SSA Appeals Council, which denied his request on November 28, 2008. (Id. at 8-10.) By operation of 42 U.S.C. § 405(g), this became the final judgment of the Commissioner. Mitchell timely filed his Complaint on January 9, 2009. See 42 U.S.C. § 405(g).

## III. DISCUSSION

### A. Standard of Review for Determining Disability

To determine whether a claimant is entitled to SSI or DIB, an ALJ utilizes a five-step analysis, as set forth in 20 C.F.R. § 404.1520(a)(4). The Second Circuit, in Dixon v. Shalala, described this five-step analysis:

> The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied.
>
> If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied.
>
> If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" . . . of the social security regulations. These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits.
>
> If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," i.e., his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work. If

the residual functional capacity is consistent with prior employment, benefits are denied.

If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." If not, benefits are awarded.

54 F.3d 1019, 1022 (2d Cir. 1995).

### B. The ALJ's Decision

Under step one of the analysis, the ALJ found that Mitchell did not engage in substantial gainful activity during his alleged disability period. (Tr. at 20.) Under step two, the ALJ found that Mitchell suffered from the following severe medical impairments: postreconstructive surgical injuries of the right shoulder, mild acromioclavicular joint hypertrophic and degenerative changes of the left arm, and right trigger finger. (Id. at 21.) And under step three, the ALJ concluded that none of Mitchell's medically severe impairments met or exceeded the Listing of Impairments. (Id.) Neither the Commissioner nor Mitchell dispute any of these findings.

Under step four, however, both the Commissioner and Mitchell agree that the ALJ committed legal error by failing to properly consider the medical opinions of two physicians: Drs. Donald I. Goldman and Walter Ploski. In her decision, the ALJ discounted the opinion of Dr. Goldman as a non-treating source, despite the fact that the doctor testified that he had seen Mitchell every few months. (Id. at 26, 265, 349, 356.) The ALJ did not even address Dr. Ploski's medical opinion at all. The Commissioner's own regulations command that he will "evaluate every medical opinion we receive" and give controlling weight to the medical opinions of treating sources. See 20 C.F.R. § 404.1527(d)(2).

4

Mitchell argues, however, that rather than remanding the proceedings to the Commissioner to further develop the record, he is conclusively entitled to DIB and the court should remand the proceedings solely for the calculation of benefits. (Pl.'s Opp'n at 9-12.) The court will not do so here. "Where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate. . . . [as] further findings would so plainly help to assure the proper disposition of the claim . . . ." Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2004). Because the ALJ has failed to properly consider the medical opinions of two of Mitchell's treating physicians, the Commissioner must be allowed to further develop the record to ensure an appropriate and just adjudication of Mitchell's claim. Further, the case cited by Mitchell to support his argument, Curry v. Apfel, 209 F.3d 117 (2d Cir. 2000), fails to carry water for two reasons: First, its directive to remand to the Commissioner solely for the calculation of benefits applies only where the Commissioner solely erred under step five of the analysis. See Curry, 209 F.3d at 122-23. And second, the burden-shifting regime that gave rise to the decision in Curry was superseded by subsequent regulation in 2003. See 20 C.F.R. § 404.1560. Therefore, the court will remand the proceedings to the Commissioner for further development of the evidence.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Remand is GRANTED for proceedings consistent with this opinion.

SO ORDERED.                                                          s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                NICHOLAS G. GARAUFIS
       December 22, 2010                                 United States District Judge

5