O|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT N. MITCHELL, JR.,

                Plaintiff,

      -against-

MITCHELL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-83 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is Plaintiff's motion for attorneys' fees pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b)(1), requesting an award of $20,000.00. (Pl. Mot. for Attorney Fees ("Mot.") (Dkt. 21); Pl. Mem. in Supp. of Mot. ("Mem.") (Dkt. 21-4) at 4.) On October 18, 2018, this court referred the motion to Magistrate Judge Steven M. Gold for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 54(d)(2)(D) and 72(b) of the Federal Rules of Civil Procedure. (Oct. 18, 2018 Order.) Judge Gold issued an R&R on December 28, 2018, recommending that Plaintiff's counsel be awarded $1,400 in legal fees. (R&R at 1.) Plaintiff filed a timely objection on January 3, 2019. (Obj. to R&R ("Obj.") (Dkt. 25).) For the following reasons, the R&R is ADOPTED and Plaintiff's motion for attorneys' fees is GRANTED IN PART.

**I. BACKGROUND**

      The R&R clearly sets forth the background of this case (R&R at 1-3), and the parties have not objected to Judge Gold's statement of facts and procedural history. The court thus adopts the R&R in this respect and offers the following summary for context. See Dong v. Miller, 16-CV-5836 (NGG) (JO), 2018 WL 1445573, at *2 (E.D.N.Y. Mar. 23, 2018) (adopting an R&R's statement of facts because the parties did not object to it).

1

On September 26, 2001, Plaintiff filed a claim for disability insurance benefits with the Social Security Administration (the "SSA"), claiming that he became disabled on August 8, 2001. (Compl. (Dkt. 1) ¶¶ 5-6.) An Administrative Law Judge (an "ALJ") determined that Plaintiff was not disabled, and Plaintiff sought a review before the SSA Appeals Council, which vacated the ALJ's determination and remanded the case for further proceedings. (Id. ¶¶ 7-10.) Plaintiff's claims were denied again, and he again sought review of that denial. (Id. ¶¶ 11-15.) This time, however, the SSA Appeals Council upheld the ALJ's decision denying benefits. (Id. ¶ 16.)

On January 9, 2009, Plaintiff filed his complaint in this court seeking modification of the decision. (Id.) Shortly thereafter, Plaintiff declined to accept an offer from the Commissioner to remand the case, and so the Commissioner filed a motion to remand under sentence four of 42 U.S.C. § 405(g). (Def. Mot. to Remand (Dkt. 11).) In a brief supporting his motion, the Commissioner acknowledged that the ALJ had not properly considered statements from two of Plaintiff's physicians. (See Mem. in Supp. of Defs. Mot for Remand ("Def. Remand Mem.") (Dkt. 12) at 18-19.) For that reason, and because the record did not conclusively establish Plaintiff's disability, the Commissioner argued that a remand was more appropriate than an outright reversal and award of benefits. (Id. at 21-22.) In opposition, Plaintiff argued against remanding the case for a further substantive hearing, and instead requested that the court reverse and remand solely for a calculation of benefits under sentence six of 42 U.S.C. § 405(g). (Pl. Mem. in Opp'n to Mot. for Remand ("Pl. Remand Mem.") (Dkt. 14) at 9-11.) The court granted the Commissioner's motion to remand on December 22, 2010. (Mem. & Order ("Remand M&O") (Dkt. 18).) On March 19, 2018, after two additional rounds of hearings and appeals, an ALJ found that Plaintiff was disabled. (Affirmation of Charles E. Binder ("Binder Affirmation")

2

(Dkt. 21-2) ¶¶ 7-9.) Plaintiff was awarded past due benefits totaling $346,233.50, but $86,558—25% of the total amount—was withheld for attorneys' fees. (Not. of Award (Dkt. 21-3) at 4.)

On August 17, 2018, Plaintiff moved in this court for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), requesting an award of $20,000.00. (Mot.; Mem. at 4.) On October 18, 2018, this court referred the motion to Magistrate Judge Steven M. Gold for an R&R pursuant to 28 U.S.C. § 636(b)(1) (B) and Rules 54(d)(2)(D) and 72(b) of the Federal Rules of Civil Procedure. (Oct. 18, 2018 Order.) Judge Gold issued his R&R on December 28, 2018, recommending that Plaintiff's counsel be awarded $1,400 in legal fees. (R&R at 1.) Plaintiff filed timely an objection on January 3, 2019. (Obj.)

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's R&R

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758,

766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

### B. Award of Attorneys' Fees Under the Act

Section 406(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants . . . . Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Courts determining "whether fees . . . are reasonable should 'begin with the agreement, and . . . may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" Arroyo v. Comm'r of Soc. Sec., 14-CV-3513 (PKC), 2018 WL 2088013, at *2 (E.D.N.Y. May 4, 2018) (quoting Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990)). To determine whether a fee is "unreasonable," a court should consider: "(i) 'whether the contingency percentage is within the 25% cap'; (ii) 'whether there has been fraud or overreaching in making the agreement'; and (iii) 'whether the requested amount is so large as to be a windfall to the attorney.'" Id. (quoting Wells, 907 F.2d at 371). Courts may "'appropriately reduce[] the attorney's recovery' based upon: (1) 'the character of the representation and the results the representative achieved'; (2) whether the attorney created a delay in proceedings, since an attorney should 'not profit from the accumulation of benefits during the pendency of the

4

case in court' caused by such delay; and (3) whether the proposed [ ] fee is 'large in comparison to the amount of time counsel spent on the case.'" McCown v. Barnhart, No. 06-CV-3981 (DAB) (KNF), 2009 WL 996391, at *3 (S.D.N.Y. Mar. 31, 2009) (quoting Gisbrecht, 535 U.S. at 808), R&R adopted by, 2009 WL 1447683 (S.D.N.Y. May 21, 2009).

## III. DISCUSSION

### A. The Award of Attorneys' fees

No party objects to Judge Gold's determination that Plaintiff should be awarded attorneys' fees. The court therefore reviews this determination for clear error, see U.S. Flour, 2012 WL 728227, at *2, and finds none. Judge Gold correctly determined that the court's decision remanding his claim constituted "judgment favorable" to Plaintiff within the meaning of 42 U.S.C. § 406(b)(1)(A), and that attorneys' fees were therefore available to him. (See R&R at 4-5.) Accordingly, the court adopts the R&R in this respect.

### B. Calculation of Attorneys' fees

In this case, Judge Gold recommended an award of $1,400, significantly less than the $20,000 Plaintiff requested. (See R&R at 1.) While Plaintiff's $20,000 request is less than the statutory 25 percent cap, and less than the 25 percent agreed to in Plaintiff's fee agreement with his counsel, Judge Gold determined that $20,000 was an unreasonable fee in this case because only 2.8 of the 24 hours reportedly expended by counsel and his colleagues in this court were reasonably spent. (Id. 10-12.) In his objection to Judge Gold's calculation of the appropriate amount to award in attorneys' fees, Plaintiff raises two arguments. First, he argues that all of the time his counsel spent on the case was reasonable and that it should therefore be considered in determining the reasonableness of his request for $20,000. (Obj. at 1-2.) Second, he argues that Judge Gold incorrectly applied a $500 per hour rate instead of the fee agreed to in Plaintiff's

5

contingent fee agreement with his counsel. (Id. at 2-5.) The court addresses each argument in turn.

1. Time to be Considered in Determining the Fee Award

Plaintiff's counsel Charles E. Binder and his colleagues Jeannine LaPlace and Eddy Pierre Pierre report that they spent 24 hours working in connection with federal court proceedings on this matter. (Attorney Time Records (Dkt. 21-3).) According to their records, Binder, LaPlace, and Pierre spent this time on the following tasks: (1) reviewing the file; (2) dictating the complaint and a letter to Plaintiff; (2) reviewing the transcript and file for potential remand stipulation; (4) communicating with defense counsel to decline the remand offer; (5) reviewing the record and organizing evidence; (6) conducting legal research; (7) drafting arguments; (8) reviewing and editing a draft brief and preparing it for filing; and (9) reviewing the Court's decision. (Id.) 1.6 hours of this time reflected work completed before Defendant offered to remand the case in or around June of 2009. (See id.; June 4, 2009 Letter (Dkt. 5) at 1 (informing the court that "plaintiff ha[d] declined to accept the Commissioner's offer of remand pursuant to the fourth sentence of 42 U.S.C. § 405(g)").) An additional 1.2 hours of this time reflects reviewing the file for a potential remand stipulation, and 0.6 hours of this time reflects a phone call with Defendant declining to accept the remand offer. (Attorney Time Records.) The remainder of the time reflects work spent in connection with Plaintiff's appeal following Defendant's filing of its motion to remand. (Id.)

Judge Gold reasoned that the time spent by Plaintiff's counsel after the government agreed to remand the case was unnecessary because "the likelihood that Plaintiff might have avoided remand for further proceedings . . . was slim at best." (R&R at 10.) He therefore did not consider that time—except for the time counsel spent in reviewing the file to reach a

determination regarding that offer—in reaching his recommendation regarding an appropriate award of fees. (Id. at 10-11.) Plaintiff argues that his decision not to consent to the remand offer was reasonable, and that all the time expended on the case was therefore reasonably expended. (Obj. at 1-2.)

Having conducted de novo review, the court agrees with Judge Gold's analysis. Plaintiff's counsel here created a delay in the proceedings, only to achieve the same outcome as that initially offered by the Commissioner. In Curto v. Astrue, No. 07-CV-3711 (DLC), 2010 WL 1047624 (S.D.N.Y. Mar. 22, 2010), faced with similar facts,[1] the court found that the plaintiff's counsel "should not receive any award of fees for work performed in connection with the briefing on the cross-motions for remand" because the Commissioner had "offered to consent to a sentence four remand before any motion practice." Id. at *3. The court reasoned that "[i]t would reflect a perverse system of incentives" to award attorneys fees for futile motion practice, especially since, as "attorneys' fees are generally not available under the [Equal Access to Justice Act] for legal work performed at the administrative level after a sentence four remand, there is a risk that a refusal to consent to a sentence four remand may be driven by an attorney's financial interest, rather than his client's interest." Id. (citation omitted).

The court agrees with Plaintiff, and the court in Curto, that there may be some situations in which a plaintiff's attorney would have "good reason to reject [an] offer of a sentence four remand," and could therefore recover reasonable attorneys' fees for the work completed

---

[1] In Curto, the Commissioner offered to remand for further administrative proceedings shortly after the plaintiff filed a complaint in federal court. 2010 WL 1047624, at *1. The parties cross-moved for remand, and the court ultimately remanded the case under sentence four of § 405(g), which is the same result as would have occurred pursuant to the original remand offer from the Commissioner. Id. An ALJ then reversed the Commissioner's previous denial of benefits, and plaintiff's counsel filed a motion in the district court seeking approximately $5000 for services performed at the district court level. Id. at *2. The court declined to award the full amount, finding it unreasonable because the majority of the 23.44 hours spent working on the case in the district court were spent in connection with the briefing on the parties' cross-motions for remand. Id. at 2 n.2.

7

following the rejection of such a remand offer, even where the ultimate result was a sentence four remand. (See Obj. at 1 (quoting Curto, 2010 WL 1047624, at *3).) This is not such a situation. As Judge Gold noted, in this case, "the likelihood that Plaintiff might have avoided remand for further proceedings under sentence four was slim at best." (Id. at 10.)

In their briefing on the Commissioner's motion for remand, both parties agreed that "the ALJ committed legal error by failing to properly consider the medical opinion of two physicians." (Remand M&O at 4.) And, as this court's remand order made clear, remand for further factual development was the only appropriate response to such an error in an ALJ determination:

> 'Where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate as further findings would so plainly help to assure the proper disposition of the claim.' Because the ALJ has failed to properly consider the medical opinions of two of Mitchell's treating physicians, the Commissioner must be allowed to further develop the record.

(Id. at 5 (quoting Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2004).) In the face of clear Second Circuit precedent mandating a remand for factual development,[2] Plaintiff argued that the court should instead apply an unpublished district court case with inapposite facts. (See Pl. Remand Mem. at 10-11 (extensively quoting Kearney v. Astrue, No. 08-CV-572 (JG), 2008 WL 2705525 (E.D.N.Y. July 11, 2008)).) In Kearney, the court declined to remand the case for a substantive hearing because it had already done so once and the ALJ had disregarded its previous order. See 2008 WL 2705525, at *5-6. Here, Plaintiff did not explain how this case rises to the

---

[2] In Butts, the Second Circuit held that, where the ALJ failed to consult a vocational expert, the district court did not abuse its discretion by remanding the plaintiff's claim for further proceedings, rather than for a calculation of benefits. See 388 F.3d at 385-87. This was because "where 'the ALJ failed to develop the record sufficiently to make' appropriate disability determinations, a remand for 'further findings that would so plainly help to assure the proper disposition of the claim is particularly appropriate.'" Id. at 386 (quoting Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir. 1999) (alterations adopted)).

8

same egregious level as the facts present in Kearney. In the absence of such flagrant disregard of a previous order—or other similar conduct—the court had no basis to deny the Commissioner's motion for a sentence four remand. See Butts, 388 F.3d at 385. It would have been unreasonable for Plaintiff to expect any other result.

Further, Plaintiff has not since provided any reasonable basis for his decision to reject the Commissioner's remand offer. In objecting to Judge Gold's R&R, he insists that "it was hardly unreasonable . . . to turn down a stipulated remand for further proceedings when [his] claim was well-supported by the treating medical source opinions and denied by two ALJs that were the subject of a bias class action and the claim was pending for many years." (Obj. at 2.) But the only case he cites in support of his contention that the decision was reasonable is an unpublished district court case from 1989—one that he did not even mention in his original brief in opposition to the remand motion. (See Obj. at 2 (citing Koteras v. Sullican, No. 81-CV-751E, 1989 WL 148383 (W.D.N.Y. Nov. 29, 1989).) Plaintiff does not explain how it was reasonable to rely on this case when there was contradictory and applicable Second Circuit precedent.

Thus, "the character of [Plaintiff's counsel's] representation" unreasonably delayed proceedings in Plaintiff's case, and achieved the same results as would have been achieved without the months spent litigating the Commissioner's motion for remand. See Gisbrecht, 535 U.S. at 808. In such a case, it is appropriate for the court to reduce the award of attorneys' fees. See id. And, as one factor to be determined in assessing the reasonableness of an award of attorneys' fees is the amount of time an attorney spent on the case, see id., it is necessary for the court to assess the amount of time Plaintiff's counsel reasonably spent working on the case at the district court level.

As Judge Gold noted, the 1.6 hours spent working on the case before the Commissioner's remand offer were reasonably expended. (See R&R at 12.) So, too, were "the 1.2 hours spent 'reviewing the transcript and file for potential remand stipulation,' which presumably would have been necessary whether or not Plaintiff chose to accept the remand offer." (Id. (quoting Attorney Time Records).) Plaintiff's counsel thus reasonably spent 2.8 hours working on this matter in connection with federal court proceedings, and the court will consider that amount of time in determining a reasonable award of fees.

2. Application of a $500 Per Hour Rate

Having determined that Plaintiff's counsel only reasonably expended 2.8 hours on work in connection with this matter at the district court level, the court agrees with Judge Gold that an award of $20,000 is clearly unreasonable. As previously noted, the amount of time spent working on a case in relevant in assessing the reasonableness of an award for attorneys' fees. See Gisbrecht, 535 U.S. at 808. And the award Plaintiff requests would result in a de facto hourly rate of $7,142.86, a rate that would be obviously excessive for even the most highly regarded attorney. Of course, Plaintiff is correct that a contingent-fee agreement, where reasonable, should be the basis for the determination of attorneys' fees under § 406(b). (Obj. at 2 (citing Gisbrecht, 535 U.S. at 806-07).) But courts may use "a record of the hours spent representing the claimant," as well as "the lawyer's normal hourly billing charge" to assess the reasonableness of the fee award, and to decrease it where appropriate. Gisbrecht, 535 U.S. at 808.

As Plaintiff correctly notes, the court can also "consider how long Plaintiff's counsel has represented the claimant, including time expended before the Administration, in considering the reasonableness of fees." (Obj. at 4.) However, such time is relevant only to help the court assess

10

"the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." Trupia v. Astrue, No. 05-CV-6085, 2008 WL 858994, at *3 (E.D.N.Y. Mar. 27, 2008) (quoting Benton v. Comm'r of Soc. Sec., No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007)). The court therefore considers the sixteen years spent on the case in front of the SSA. The resulting complexity of the case does not, however, render reasonable an award equivalent to over $7,000 per hour.

Other courts in this circuit have reduced fees for Binder & Binder attorneys to $500 per hour in social security cases, finding that higher de facto rates would be unreasonable. See, e.g., Arroyo, 2018 WL 2088013, at *3; Brown v. Colvin, No. 15-CV-4823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018). Cf. Cahill v. Colvin, No. 12-CV-9445 (PAE) (MHD), 2016 WL 4581342, at *2 (S.D.N.Y. Sep. 2, 2016) (considering an appropriate award of fees for work performed by Binder & Binder attorneys and finding that $13,875.83 for 28.8 hours of work—resulting in an hourly rate of $481.80—was reasonable). Moreover, records submitted to the court in a recent social security case showed that Binder's regular hourly rate is $193.81. See Karki v. Comm'r of Soc. Sec., No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018).

The court thus finds that an award of $1,400—which translates to an hourly rate of $500—will adequately compensate Plaintiff's counsel for the time spent on this case, the risks inherent to undertaking representation on a contingency basis, and the ultimately successful result he obtained. Such a reward also "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals.", Arroyo, 2018 WL 2088013, at *3 (citing Muniz v. Astrue, No. 09-CV-3954 (ARR), 2011 WL 5563506,

at *6 (E.D.N.Y. Nov. 15, 2011)). And, as it amounts to more than twice the hourly rate recently reported by Plaintiff's counsel, see Karki, 2018 WL 1307947, at *1, the award adequately accounts for the complexity of the case as indicated by its long history in front of the SSA.

## IV. CONCLUSION

For the foregoing reasons, the R&R (Dkt. 25) is ADOPTED and Plaintiff's (Dkt. 21) motion for attorneys' fees is GRANTED IN PART. Plaintiff's counsel is awarded $1,400 in attorneys' fees.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 26, 2019

NICHOLAS G. GARAUFIS
United States District Judge